UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                       Case No. 3:16-cr-183

         Plaintiff,

     v.                                          MEMORANDUM OPINION
                                                  AND ORDER

Yahya Ibrahim, et al.,

         Defendants.

## I.     INTRODUCTION AND BACKGROUND

In June 2016, Yahya Ibrahim, Hussein Ahmed, and Abdul Faqi were indicted on five counts of health care fraud and one count of conspiracy to commit health care fraud. (Doc. No. 1). Seven months later, in January 2017, the government obtained a superseding indictment, adding four additional counts of health care fraud and also charging Ahmed Haaji as part of the conspiracy. (Doc. No. 27).

In November 2009, Faqi founded a company called Blue Line Express Taxi and Medical Transport ("Blueline") which provided ambulette services. Under Ohio law, an "ambulette" is a vehicle designed or modified to transport individuals who need to use a wheelchair. Ohio Administrative Code § 4766-3-01(B); Ohio Rev. Code § 4766.01(R). Faqi drove ambulettes for Blueline, as did Ibrahim and Ahmed. Faqi sold Blueline to Ahmed in December 2014.

Ibrahim later founded Metro Medical Transportation, LLC ("MMT"), which provided similar services. Both Ibrahim and Ahmed drove ambulettes for MMT.

Ahmed also drove ambulettes for Citywide Medical Transportation, LLC ("Citywide"), an ambulette service provider founded by Haaji. The government alleges Ahmed later became a co-owner of Citywide along with Haaji, and that Haaji also drove ambulettes for Citywide.

The government alleges the Defendants sought to defraud the Ohio Department of Medicaid ("ODM") by billing ODM for ambulette services which they did not provide or which were not necessary. In particular, the Defendants stand accused of using ambulettes to transport Medicaid recipients who were not wheelchair-bound but billing ODM as if those patients required the use of wheelchairs, and of billing ODM for ambulette services when they actually transported patients in nonqualifying vehicles. (Doc. No. 27 at 7). The government also alleges Defendants transported and sought payment for multiple Medicaid recipients at the same time, despite Medicaid rules which permitted reimbursement for only one recipient at a time, and falsified certain mandatory documentation. (*Id.* at 7-8). The government contends this pattern of conduct resulted in Blueline, MMT, and Citywide receiving a combined total of over $870,000 more than those companies properly should have received. (*Id.* at 8).

Ibrahim has filed motions to determine the admissibility of his co-conspirator's statements prior to trial, (Doc. No. 46), for disclosure of *Brady* material, (Doc. No. 47), for disclosure of the government's trial witnesses, (Doc. No. 48), requesting notice of the government's intent to introduce evidence under Federal Rule of Evidence 404(b), (Doc. No. 49), for relief from prejudicial joinder, (Doc. No. 50), and to produce his co-defendants' statements, (Doc. No. 51). Faqi and Ahmed adopted those motions, (Doc. Nos. 59 and 60), while Haaji moved to join them, (Doc. Nos. 53-58). I granted Haaji's motions to join, denied as moot Defendants' motions to produce their co-defendants' statements, granted Defendants' unopposed motion for disclosure of *Brady* material, and denied without prejudice Defendants' motion for disclosure of the government's witnesses. (Doc. No. 72 at 2-4).

2

I deferred a ruling on Defendants' motions requesting notice of the government's intent to use Rule 404(b) evidence, to determine the admissibility of co-conspirator statements, and for relief from prejudicial joinder. (*Id.* at 4-5). On January 16, 2019, I held a hearing on those motions, during which counsel for the parties, including newly appointed counsel for Haaji, presented argument. I granted the parties leave to file supplemental briefing following the hearing. Haaji filed a supplemental brief regarding the admissibility of co-conspirator statements and severance of his trial. (Doc. No. 89). The government filed a supplemental brief in support of its omnibus response and in opposition to Haaji's supplemental brief. (Doc. No. 90).

## II.     DISCUSSION

### A.     CO-CONSPIRATOR STATEMENTS

In response to Defendants' motion, the government proposed to redact certain parts of the statements made by Defendants Ibrahim, Ahmed, and Faqi to law enforcement officers in June 2015. (Doc. Nos. 68-1, 68-2, and 68-3). Defendants contend these redactions do not go far enough and, in briefing and during the January 16 hearing, pointed to other statements which, they argue, must be redacted or excluded. The parties agreed to confer regarding the necessity and appropriate scope of additional redactions. Therefore, I deny without prejudice Defendants' motion to determine the admissibility of co-conspirator statements. (Doc. No. 46).

The parties shall confer and seek agreement, to the extent possible, on additional redactions to the statements provided by Ibrahim, Ahmed, and Faqi, no later than January 15, 2021. If the parties are able to resolve these issues, they shall file a joint status report on or before that date indicating the same and proposing next steps in the case. If the parties are unable to reach agreement on each of the statements Defendants have identified, the parties shall file simultaneous briefs on or before January 31, 2021, setting forth their proposed redactions and argument in

support of their positions. The parties are granted leave to file those briefs under seal, if they so desire.

### B. JOINDER

Defendants' joinder arguments are twofold: (1) Haaji argues he was misjoined under Rule 8 because, at best, the superseding indictment alleges two separate conspiracies; and (2) all Defendants argue their trials should be severed pursuant to Rule 14 because there is a serious risk of substantial prejudice if they are tried together.

Rule 8(b) permits the government to indict two or more defendants together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). As Haaji concedes, the joinder of multiple defendants is proper if the indictment, on its face, identifies a group of acts or transactions that are logically interrelated. *See, e.g., United States v. Redd*, 29 F. App'x 290, 297 (6th Cir 2002) (citing *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993)). The superseding indictment does so – it alleges the four defendants used three companies to submit fraudulent Medicaid billings. While Citywide was not mentioned in the original indictment, the government alleges Ahmed – as a driver for Blueline, MMT, and Citywide, and the co-owner of Citywide and the later owner of Blueline – provides the logical connection between Haaji and the originally-charged conspiracy. (Doc. No. 27 at 2).

Further, I am not persuaded by Haaji's argument that the facts produced in anticipation of and during the January 16 hearing show that the acts or transactions alleged were not part of a common scheme or plan. The government's proffer alleges that, at various points, each of the Defendants owned one of the three companies, drove for those companies, and engaged in the same billing irregularities. Haaji's assertions that Citywide's offices and business operations were separate from Blueline and MMT, and that, contrary to Citywide's ODM filing, Ahmed did not actually hold

an ownership interest in Citywide, are not sufficient to dispel the inference that the Defendants' alleged conduct was part of a common scheme. *See United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004); *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991). I conclude Haaji was properly joined under Rule 8 and deny his motion on this ground.

Rule 8 is "broadly construed in favor of initial joinder because of the protection Rule 14 afford against unnecessarily prejudicial joinder." *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (citations and internal quotation marks omitted). The Defendants must identify "specific and compelling prejudice requiring severance under Rule 14." *Moreno*, 933 F.2d at 370; *see also Redd*, 29 F. App'x at 298 ("Courts place a heavy burden on defendants seeking severance, requiring a strong showing of prejudice.").

Defendants have not met their burden. A defendant is not entitled to a separate trial "simply because the evidence against a co-defendant is far more damaging than the evidence against him," *Beverly*, 369 F.3d at 534, or because the "codefendants [may] present mutually antagonistic defenses." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002).

Nor are Defendants entitled to severance at this juncture based upon potentially problematic co-conspirator statements, as Defendants and the government have agreed to revisit redactions to those statements. Finally, Defendants have not rebutted the presumption that a properly-instructed jury will be able to "separate and to treat distinctively the evidence that is relevant to each particular defendant on trial." *Moreno*, 933 F.2d at 370. Therefore, I deny Defendants' motions for severance.

### III.   CONCLUSION

For the reasons stated above, I deny without prejudice Defendants' motions to determine the admissibility of co-conspirator statements, (Doc. Nos. 46 and 54), and deny Defendants' motions for relief from prejudicial joinder, (Doc. Nos. 50 and 53).

As stated above, the parties shall confer and seek agreement, to the extent possible, on additional redactions to the statements provided by Ibrahim, Ahmed, and Faqi, no later than January 15, 2021.  If the parties are able to resolve these issues, they shall file a joint status report on or before that date indicating the same and proposing next steps in the case.  If the parties are unable to reach agreement on each of the statements Defendants have identified, the parties shall file simultaneous briefs on or before January 31, 2021, setting forth their proposed redactions and argument in support of their positions.  The parties are granted leave to file those briefs under seal, if they so desire.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge